Evelyn B. McWILLIAMS, Plaintiff,

v.

Otis R. BOWEN, M.D. Secretary of
Health and Human Services,
Defendant.

Civ. A. No. 82-237 ERIE.

United States District Court,
W.D. Pennsylvania.

Nov. 4, 1987.

James Bukac, Northwestern Legal Services, Franklin, Pa., for plaintiff.

J. Alan Johnson, U.S. Atty., Pittsburgh, Pa., for defendant.

## OPINION

GERALD J. WEBER, District Judge.

Plaintiff is a 65 year old widow who had applied for Supplemental Security Income benefits. After several administrative hearings and appeals, and one prior appeal to this court which resulted in remand, plaintiff was finally awarded benefits. However, plaintiff now appeals from the decision of the Secretary as to the onset date of her disability.

Plaintiff suffers from a variety of impairments, including degenerative arthritis of the knee, hips and spine, recurrent kidney stones, a recurring incisional hernia, and residual effects of a serious fracture of the left wrist, Plaintiff also suffers from major depression, requiring medication and psychiatric treatment.

The Administrative Law Judge in a decision affirmed by the Appeals Council concluded that plaintiff was disabled on and after February 2, 1984. The ALJ's finding of disability was based principally on the plaintiff's mental impairment, and the ALJ employed the date of plaintiff's first psychiatric examination as the onset date for disability.

Plaintiff contends that the onset date selected by the ALJ is inappropriate because her mental impairment predated her first visit to a psychiatrist. In fact plaintiff claims that this debilitating depression extends to a point prior to her initial application for benefits on August 28, 1980, and benefits should therefore be awarded for the full period. While we agree that plaintiff's disabling mental impairment clearly predates her first visit to the psychiatrist, the record does not support a period of disability as lengthy as that claimed by the plaintiff.

Plaintiff claims to have experienced depression since her husband's death in 1974. Plaintiff's only daughter was also diagnosed at about that time as having Hodgkin's disease. Plaintiff's depression is characterized by severe indecision, withdrawal and, most notably, frequent unprovoked crying episodes. The crying episodes now dominate her life according to psychiatric evaluation and she has significant impairments in her ability to perform tasks and relate to people.

Although she first sought the assistance of a psychiatrist on February 2, 1984, the testimony of a son and a neighbor indicates that her symptoms had existed for several years. Indeed plaintiff only agreed to see the psychiatrist after a lengthy period of nagging from her son. Plaintiff's treating psychiatrists uniformly report that plaintiff's debilitating depression was sig-

nificantly advanced and entrenched when she was first seen on February 2, 1984, and that it clearly predated that first evaluation. In fact such a conclusion is consistent with common sense. Unlike a traumatic injury, a mental impairment such as depression does not arise full grown on the day the patient sees the doctor, and the Secretary's Regulations and Rulings recognize this simple fact. See, e.g. Social Security Ruling 83–20.

The evidence of record also reveals a significant episode in the plaintiff's history, the death of her only daughter on April 5, 1983. Plaintiff herself identifies this as a precipitating episode:

Q. Were you having the problem that you're seeing Dr. Loring for back in 1979 and 80?

A. I was having stress but I didn't realize what it was. And then after my daughter died that brought things to a head in a real big hurry.

(Tr. at 358–9). This is consistent with the testimony of plaintiff's son and a neighbor who describe a sudden deterioration after the daughter's death. It is also consistent with the history recited by plaintiff's psychiatrist.

On the other side of the coin though, the record does not support a finding of a disabling impairment prior to April 5, 1983. Plaintiff describes her condition prior to that date as stress. No mention of a significant emotional distress was made by any witness in these proceedings prior to April 5, 1983, although considerable testimony was taken prior to the first appeal to this court.

The record then is clear. The ALJ's conclusion as to an onset date for disability is not supported by substantial evidence but rather is contrary to the medical evidence and the history of the plaintiff's illness. All the evidence points to the death of the daughter as the significant event in the plaintiff's deteriorating condition, and by all accounts the decline from that date was rapid. On the other hand, there is not sufficient evidence of record to warrant a finding of a disabling condition prior to the daughter's death on April 5, 1983. We will therefore vacate the decision of the Secretary and award benefits from and after April 5, 1983.

Plaintiff also argues that her various physical impairments, alone and in conjunction with her mental impairment, disabled her from the date of plaintiff's application for benefits. We have reviewed the extensive record in this case and we believe the Secretary's conclusion that plaintiff was not disabled prior to April 5, 1983 was supported by substantial evidence. Plaintiff's incisional hernias and kidney stones were episodic in nature and the arthritis did not seriously limit range of motion in most instances. This conclusion is supported by several medical reports, including Dr. Sherman's dated March 25, 1982 in which he indicates that plaintiff is disabled, but finds free range of motion in all but trunk flexion.

For the reasons stated, the Secretary's decision will be vacated and plaintiff awarded Supplemental Security Income benefits on and after April 5, 1983.